# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOE GOMEZ III, | ) | 1:11-cv-76 GSA |
| | ) | |
| Plaintiff, | ) ) ) | ORDER GRANTING IN FORMA PAUPERIS APPLICATION (Doc. 2) |
| v. | ) ) | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND (Doc. 1) |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) ) | |
| Defendant. | ) ) | |

**I.   Introduction**

Plaintiff Joe R. Gomez, III ("Plaintiff") filed the instant action on January 14, 2011. Plaintiff also filed an application to proceed in forma pauperis on that same date. Having reviewed the request, this court GRANTS Plaintiff Gomez's in forma pauperis application.

Plaintiff appears to be challenging a denial of his application for disability benefits under Titles II and XVI of the Social Security Act. As discussed below, Plaintiff's Complaint will be dismissed because it fails to state a claim. However, Plaintiff is granted leave to file an amended complaint.

///

///

///

1

1  II.     **Discussion**

2  A.      <u>Screening Standard</u>

3          Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the
4  complaint for sufficiency to state a claim.  The court must dismiss a complaint or portion thereof
5  if the court determines that the action is legally "frivolous or malicious," fails to state a claim
6  upon which relief may be granted, or seeks monetary relief from a defendant who is immune
7  from such relief.  28 U.S.C. § 1915(e)(2).  If the court determines that the complaint fails to state
8  a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be
9  cured by amendment.

10         A complaint must contain "a short and plain statement of the claim showing that the
11 pleader is entitled to relief . . . ."  <u>Fed. R. Civ. P</u>. 8(a)(2).  Detailed factual allegations are not
12 required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
13 conclusory statements, do not suffice."  <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009) (citing
14 <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  Plaintiff
15 must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its
16 face.'"  <u>Ashcroft</u> v. <u>Iqbal</u>, 129 S.Ct. at 1949 (quoting <u>Twombly</u>, 550 U.S. at 555).  While factual
17 allegations are accepted as true, legal conclusion are not.  <u>Id.</u>

18         A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
19 which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in
20 support of the claim or claims that would entitle him to relief.  <u>See Hishon v. King & Spalding,
21 467 U.S. 69, 73 (1984)</u>, citing <u>Conley v. Gibson, 355 U.S. 41, 45-46 (1957)</u>; <u>see</u> <u>also</u> <u>Palmer v.
22 Roosevelt Lake Log Owners Ass'n</u>, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
23 complaint under this standard, the Court must accept as true the allegations of the complaint in
24 question, <u>Hospital Bldg. Co. v. Trustees of Rex Hospital</u>, 425 U.S. 738, 740 (1976), construe the
25 pro se pleadings liberally in the light most favorable to the <u>Plaintiff, Resnick v. Hayes</u>, 213 F.3d
26 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, <u>Jenkins v. McKeithen,
27 395 U.S. 411, 421 (1969)</u>.

28 ///

B.      Plaintiff's Allegations

Plaintiff's complaint does not list a defendant and merely states as follows, "To whom it may concern, I am appealing the decision that the S.S.I. gave me. [sic] To federal court, on what I was told by my lawyer." (Doc. 1 at pg. 1). Attached to the complaint is a decision issued by Administrative Law Judge Michael Kopicki dated February 9, 2009. (Doc. 1 at pgs. 2-13). There are no other documents attached to Plaintiff's complaint that state a claim or establish that Plaintiff's case is ripe for review.

C.      Analysis of Plaintiff's Claims

      *1.    Rule 8(a)*

As Rule 8(a) states, a complaint must contain "a short and plain statement of the claim." The rule expresses the principle of notice-pleading, whereby the pleader need only give the opposing party fair notice of a claim. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Rule 8(a) does not require an elaborate recitation of every fact a plaintiff may ultimately rely upon at trial, but only a statement sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.* at 47. As noted above, detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. at 1949 (2009).

In this case, Plaintiff has indicated that he is appealing a denial of his application for disability benefits, but he has not provided any substantive reasons for doing so, nor has he identified any errors in the decision. Furthermore, he has not identified any relief that he is seeking so that defendant has been given notice and the basis of the claim.

      *2.    Timeliness of the Appeal*

Fed. R. Civ. P. 12(b)(1) authorizes dismissal for lack of subject matter jurisdiction. Federal courts are courts of limited jurisdiction and lack inherent or general subject matter jurisdiction. Federal courts can adjudicate only those cases in which the United States Constitution and Congress authorize them to adjudicate. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 114 S.Ct. 1673, 1677 (1994); *Finley v. United States*, 490 U.S. 545, 109 S.Ct. 2003, 2008 (1989). Federal courts are presumptively without jurisdiction over civil actions, and the

3

burden to establish the contrary rests upon the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377; 114 S.Ct. at 1677. Lack of subject matter jurisdiction is never waived and may be raised by the court sua sponte. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-595 (9th Cir. 1996). "Nothing is to be more jealously guarded by a court than its jurisdiction. Jurisdiction is what its power rests upon. Without jurisdiction it is nothing." *In re Mooney*, 841 F.2d 1003, 1006 (9th Cir. 1988).

Judicial review of the Commissioner's administrative decisions is governed by Section 405(g) and (h) of the Social Security Act, which reads in relevant part:

> (g) Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.
>
> (h) The findings and decision of the Commissioner after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of facts or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.
> 42 U.S.C. § 405(g).

Section 405(g) and (h) therefore operates as a statute of limitations setting the time period in which a claimant may appeal a final decision of the Commissioner. *Bowen v. City of New York*, 476 U.S. 467, 479 (1986); *Vernon v. Heckler*, 811 F.2d 1274, 1277 (9th Cir. 1987). Because the time limit set forth in 42 U.S.C. § 405(g) is a condition on the waiver of sovereign immunity it must be strictly construed. *Bowen v. City of New York*, 476 U.S. at 479. *See, e.g.*, *Fletcher v. Apfel*, 210 F.3d 510 (5th Cir. 2000) (affirming summary judgment in favor of commissioner for untimely filing of one day). "The limitations to final decisions and to a sixty-day filing period serve to compress the time for judicial review and to limit judicial review to the original decision denying benefits, thereby forestalling repetitive or belated litigation of stale eligibility claims." *Anderson v. Astrue*, 2008 WL 4506606 *3 (E.D.Cal. Oct. 7, 2008) (Snyder, J).

Here, the Administrative Law Judge issued his decision denying benefits on February 9, 2009. (Doc. 1, Pgs. 5-13). Upon receiving this denial, Plaintiff had sixty days to file an Appeal

with the Appeals Council. 20 CFR §§ 404.967 and 404.968. When the Appeals Council reviews the case, it will either affirm, modify, or reject the ALJ's recommendation. 20 CFR § 404.979. It may also remand the case. 20 CFR § 404.977. The Appeals Council's decision is binding unless a party files an action in federal district court within sixty days of the Appeals Council's decision.[1] 20 CFR §§ 422.210 and 404.981. Therefore, prior to filing an appeal in federal court, Plaintiff must establish that an appeal with the Appeals Council was filed. Any complaint filed in federal district court must be filed within sixty days of the Appeals Council's decision. Plaintiff has failed to demonstrate that this was done in this instance. Any amended complaint must establish that the case is properly before this Court.

### 3. *Proper Defendant*

The Commissioner of Social Security, presently, Michael J. Astrue, is the proper defendant in an action challenging the denial of Social Security benefits. 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"). 20 CFR 422.210(d) elaborates:

> Proper defendant. Where any civil action described in paragraph (a) of this section is instituted, the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant. Any such civil action properly instituted shall survive notwithstanding any change of the person holding the Office of the Commissioner or any vacancy in such office. If the complaint is erroneously filed against the United States or against any agency, officer, or employee of the United States other than the Commissioner, the plaintiff will be notified that he has named an incorrect defendant and will be granted 60 days from the date of receipt of such notice in which to commence the action against the correct defendant, the Commissioner.
>
> 20 CFR § 422.210

Plaintiff's complaint currently does not identify any defendant. Plaintiff shall properly name Michael Astrue, the Commissioner of Social Security in any amended complaint.

### 4. *Leave to Amend the Complaint*

Although Plaintiff's complaint contains deficiencies as outlined above, the court will allow Plaintiff an opportunity to amend the complaint. If Plaintiff decides to file an amended complaint, he is reminded that an amended complaint supercedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.

---

[1] Indeed, it appears Plaintiff was advised that failure to timely file an appeal with the Appeals Council, would waive his right to appeal in federal court. (Doc. 1 at pg. 2).

1987), and must be "complete in itself without reference to the prior or superceded pleading." Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord *Forsyth*, 114 F.3d at 1474.

### III. Conclusion

For the above reasons, the Complaint is DISMISSED WITH LEAVE TO AMEND. Plaintiff's amended complaint is due within thirty (30) days of the date of this order.  **If Plaintiff fails to file an amended complaint, the action will be dismissed for failure to follow a court order**.

IT IS SO ORDERED.

Dated: **January 21, 2011**            /s/ Gary S. Austin
                                      UNITED STATES MAGISTRATE JUDGE

6